IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK P. SMITH,<br><br>              Plaintiff,<br><br>   vs.<br><br>VINCENT S. CULLEN; DR. REYNOLDS; M. PODOLSKY; D. PADILLA,<br><br>              Defendants. | No. C 10-5219 WHA (PR)<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED OR TO PAY FILING FEE** |

This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by a state prisoner. He has applied for leave to proceed in forma pauperis pursuant to 28 U.S.C. 1915.

A prisoner may not bring a civil action in forma pauperis under 28 U.S.C. 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious"

1  refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398
2  F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).

3      *Andrews* requires that the prisoner be given notice of the potential applicability of
4  1915(g), by either the district court or the defendants, but also requires the prisoner to bear the
5  ultimate burden of persuasion that 1915(g) does not bar pauper status for him. *Ibid. Andrews*
6  implicitly allows the court to sua sponte raise the 1915(g) problem, but requires the court to
7  notify the prisoner of the earlier dismissals it considers to support a 1915(g) dismissal and allow
8  the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* at
9  1120. A dismissal under 1915(g) means that a prisoner cannot proceed with his action as a
10 pauper under 1915(g), but he still may pursue his claims if he pays the full filing fee at the
11 outset of the action.

12     A review of the dismissal orders in plaintiff's prior prisoner actions reveals that s/he has
13 had at least three such cases dismissed on the ground that they were frivolous, malicious, or
14 failed to state a claim upon which relief may be granted. Plaintiff is now given notice that the
15 following dismissals may be counted as dismissals for purposes of 1915(g): (1) <u>Smith v. Petty,
16 et al.</u>, N. D. Cal. Case No. C 07-3045 WHA (civil rights action dismissed for failure to state a
17 claim upon which relief may be granted); (2) <u>Smith v. Tillman, et al.</u>, N. D. Cal. Case No. C 07-
18 1464 WHA (civil rights action dismissed for failure to state a claim upon which relief may be
19 granted); (3) <u>Smith v. Black, et al.</u>, N. D. Cal. Case No. C 07-2023 WHA (civil rights action
20 dismissed for failure to state a claim upon which relief may be granted); and (4) <u>Smith v. Lois,
21 et al.</u>, N. D. Cal. Case No. C 07-2172 WHA (civil rights action dismissed for failure to state a
22 claim upon which relief may be granted). The evaluation of the grounds for the dismissal of
23 these cases is based on the dismissal orders filed in them. *See Andrews*, 398 F.3d at 1120.

24                                    **CONCLUSION**

25     In light of these dismissals, and because plaintiff does not appear to be under imminent
26 danger of serious physical injury, he shall show cause in writing filed no later than **December
27 30. 2010** why in forma pauperis should not be denied and this action should not be dismissed
28 pursuant to 28 U.S.C. 1915(g). In the alternative to showing cause why this action should not

1  be dismissed, plaintiff may avoid dismissal by paying the full $350.00 filing fee by the

2  deadline. <u>Plaintiff's failure to do so will result in the dismissal of this action.</u>

3  **IT IS SO ORDERED.**

4  Dated: November ___29___, 2010.

5  WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\SMITH5219.3ST-OSC.wpd

3